IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00904-BNB

LYNN E. SCOTT,

Applicant,

v.

GREEN, Warden of B.V.C.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 17 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED APPLICATION

---

Applicant, Lynn E. Scott, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Buena Vista, Colorado, correctional facility. He submitted to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis* pursuant to § 1915.

The Court must construe Mr. Scott's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Scott will be ordered to file an amended application.

Mr. Scott alleges that he was convicted on drug charges in Denver District Court Case No. 99CR2923, and sentenced to a term of ten years in the DOC. He further

alleges that his conviction and sentence was affirmed on direct appeal. He appears to have initiated two separate postconviction proceedings. His claims are nearly unintelligible and difficult to read.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1D., E. and G. The application Mr. Scott has filed is difficult to read because it is, in places, written in less than a 12-point font, barely legible, and single-spaced. The amended application Mr. Scott will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters that are at least in a 12-point font.

The amended application also should comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In the seven asserted claims, Mr. Scott sets forth an extended and unnecessary

discussion of legal argument in support of his claims rather than providing a generalized statement of the facts from which the Respondents may form a responsive pleading. *Pro se* status does not relieve Mr. Scott of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006). Conclusory allegations without supporting factual averments are insufficient to state a claim. *Hall*, 935 F.2d at 1110.

Rule 4 of the Rules Governing Section 2254 Cases also requires Mr. Scott to go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Mr. Scott must clearly allege his claims, and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Scott has failed to meet the requirements of D.C.COLO.LCivR 10.1, Fed. R. Civ. P. 8, and Rule 4 of the Section 2254 Rules. The application fails to provide a short and plain statement of his claims that is legible to read and shows he is entitled to relief. Mr. Scott will be directed to file an amended application that complies with D.C.COLO.LCivR 10.1, Fed. R. Civ. P. 8, and Rule 4 of the Section 2254 Rules. In the amended application, Mr. Scott is directed to state, clearly and concisely, each claim he intends to assert in this action. Accordingly, it is

ORDERED that Applicant, Lynn E. Scott, **within thirty days from the date of this order**, file an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Scott's amended application shall be titled,

"Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Scott, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Scott fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 14th day of May, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00904-BNB

Lynn E. Scott
Prisoner No. 60760
Buena Vista Corr. Facility
PO Box 2005
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 5/17/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk