IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00904-BNB

LYNN E. SCOTT,

    Applicant,

v.

GREEN, Warden of B.V.C.C. Colorado, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Lynn E. Scott, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Buena Vista, Colorado, correctional facility. On June 14, 2010, Mr. Scott filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court conviction and sentence in Denver District Court case number 99CR2923.

On June 17, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On June 30, 2010, Respondents filed their pre-answer response. On July 12, 2010, Mr. Scott filed a reply to the pre-answer response.

For the reasons stated below, the amended application will be denied, and the action will be dismissed for lack of jurisdiction.

Mr. Scott was charged in state court with distribution and possession of a controlled substance. At trial, he was convicted by a jury in Denver District Court on charges of distribution of a controlled substance. He was sentenced to ten years' imprisonment. On February 14, 2001, the Colorado Court of Appeals affirmed the judgment of conviction. *See People v. Scott*, No. 00CA1066 (Colo. Ct. App. Feb. 14, 2001) (not selected for publication) (pre-answer response, ex. B at app. C). On July 1, 2002, the Colorado Supreme Court denied certiorari review. On September 9, 2002, Mr. Scott filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on May 29, 2003. Mr. Scott did not appeal from the denial.

On September 23, 2002, shortly after he filed his Colo. R. Crim. P. 35(c) motion with the state trial court, Mr. Scott sought habeas corpus relief in this Court pursuant to § 2254 challenging the validity of the same state court conviction and sentence he currently challenges, and asserting two claims of insufficient evidence and prosecutorial misconduct. *See Scott v. Ortiz*, No. 02-cv-01817-RPM-CBS (D. Colo. June Nov. 19, 2002), *reh'g denied*, (D. Colo. Dec. 17, 2002). Specifically, he alleged that (1) the evidence was insufficient to support the conviction of distribution of a controlled substance, and (2) the prosecutor committed misconduct by impeaching him with his prior drug conviction. *See* pre-answer response, ex. A at 5-6.

Case number 02-cv-01817-RPM-CBS was dismissed on the merits. Mr. Scott did not appeal from the dismissal to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit). Because Mr. Scott previously sought habeas corpus relief in this

2

Court, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Scott must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251.

A state prisoner seeking authorization to file a second or successive habeas corpus application pursuant to § 2254 must demonstrate that any claim he seeks to raise, not presented in a prior application, is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). Under § 2244(b)(1), any claim presented in a second or successive habeas corpus application "that was presented in a prior application shall be dismissed."

Mr. Scott alleges that he has not obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the amended application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252.

3

> Factors [to be] considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Scott asserts seven claims in the instant action. They are:

1. The jury verdicts in his state trial were not unanimous in violation of his due process rights under the Fifth, Sixth, and Fourteenth amendments.

2. The jury verdicts in his state trial were inconsistent in violation of his due process rights under the Fifth, Sixth, and Fourteenth amendments.

3. The jury verdicts in his state trial violated double jeopardy principles because they were inconsistent in violation of his due process rights under the Fifth and Fourteenth amendments.

4. The state trial judge who presided over the first day of his state trial was illegally substituted on the second day of trial in violation of his due process rights under the Fifth, Sixth, and Fourteenth amendments.

5. The state prosecutor in his state trial illegally suppressed evidence in violation of his due process rights under the Fifth, Sixth, and Fourteenth amendments.

6. The state prosecutor in his state trial committed a discovery violation in violation of his due process rights under the Fifth, Sixth, and Fourteenth amendments.

7. Appellate defense counsel on direct appeal rendered ineffective assistance of counsel by not raising the above claims one through six on direct appeal in violation of his due process rights under the Fifth, Sixth, and Fourteenth amendments.

Mr. Scott's claims one, four, five, six, and seven are not based on either a new

4

rule of constitutional law or newly discovered evidence, and the factual predicate for these claims could have been discovered at trial or were known to him after his direct appeal to the Colorado Court of Appeals was filed. *See* § 2244(b)(2). His claims two and three essentially were raised in his prior § 2254 application, *see* § 2244(b)(1), and were determined to lack merit. Therefore, this Court lacks jurisdiction over Mr. Scott's claims challenging the validity of his conviction and sentence in Denver District Court case number 99CR2923. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. *See In re Cline*, 531 F.3d at 1251; *see also* Fed. R. Civ. P. 12(h)(3). Accordingly, it is

ORDERED that the amended habeas corpus application filed on June 14, 2010, is denied, and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __5th__ day of __August__, 2010.

BY THE COURT:

*(signature)*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00904-BNB

Lynn E. Scott
Prisoner No. 60760
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Christine C. Brady
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/6/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk